# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARL G. RICE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21CV590 HEA |
| ) | |
| UNITED STATES BUREAU OF ) | |
| ALCOHOL, TOBBACO, FIREARMS ) | |
| AND EXPLOSIVES, *et al.*, ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *pro se* Motion to Remand, [Doc. No. 11]. Defendant United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has filed a response in opposition [Doc. No. 18]. For the reasons set forth below, the Court will deny the Plaintiff's Motion to Remand.

## Background

On April 15, 2021, Plaintiff Earl G. Rice, Jr. filed a Petition in the Circuit Court of Jefferson County, Missouri, against Defendants ATF, ATF Special Agent Michael McGrath, Jefferson County, Jefferson County Sheriff's Department and Jefferson County Prosecuting Attorney's Office and others for violations of his civil rights.

On May 21, 2021, Defendants Jefferson County, Jefferson County Sheriff's Department and Jefferson County Prosecuting Attorney's ("Jefferson County Defendants") removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

On July 6, 2021, Plaintiff filed his Response to Defendants' Notice of Removal and Points to Remand ("Motion to Remand"), alleging that the Court does not have jurisdiction because his Petition alleges only state matters and the "deprivations were to his [Missouri] Constitutionally secured rights…."

On February 11, 2022, Defendant ATF filed a response in opposition to Plaintiff's Motion to Remand stating that the Jefferson County Defendants properly removed this case because the Court has original jurisdiction since Plaintiff's claims should be construed as a federal question under 42 U.S.C. § 1983, and removal is proper under the federal officer removal statute pursuant to 28 U.S.C. § 1442(a)(1).[1]

## Legal Standard

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[1] Defendant ATF also asserts Plaintiff's Motion is untimely under the 30-day limit as to challenging non-jurisdictional defects. However, since Plaintiff challenges a jurisdictional defect, the 30-day limit does not apply here. 28 U.S.C. § 1447(c).

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" in which the action is pending. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.,* 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir. 2002). Under the "well-pleaded complaint" rule, a plaintiff may avoid federal removal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991). A narrow exception to the well-pleaded complaint rule provides that a plaintiff cannot by artful pleading prevent the removal of a case by concealing the federal question that would "necessarily have appeared if the complaint had been well pleaded." *M. Nahas & Co., Inc.,* 930 F.2d at 612 (citation omitted).

**Discussion**

Plaintiff argues in his Motion to Remand that the actions in his Petition are "wholly a state matter." Although Plaintiff claims a myriad of issues difficult for the Court to ascertain, his Petition explicitly alleges violations of his civil rights under the United States Constitution. Plaintiff claims, *inter alia*, that Defendants conspired against him by unlawfully arresting him, searching his home, and seizing his firearms, which violated his "[Missouri] constitutionally secured rights" that are "supported by, and in accord with, the U.S. [Constitution]."

As an initial matter, Plaintiff's use of the conjunction "and" indicates that he based his allegations on both federal and state law. Each time Plaintiff references an article under the Missouri Constitution, he also cites to the U.S. Constitution, specifically to the First, Fourth, Fifth, Eight, Tenth, and Fourteen Amendments. Although Plaintiff attempts to camouflage the federal question in his Petition, the Court construes that Plaintiff's allegations of a conspiracy to violate his civil rights must be based on 42 U.S.C. § 1983, the vehicle through which he could allege such violations of his civil rights. *Henley v. Brown*, 686 F.3d 634, 643 (8th Cir. 2012) (Court construes the right to be free from excessive force as a "clearly established right" under the Fourth Amendment, supported by a § 1983 action when violated by a state actor). Therefore, the Court has original jurisdiction in this case because

4

Plaintiff's Petition plainly contains a claim for relief that rests upon a federal right. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

As such, this matter is properly before the Court.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 11], is **DENIED**.

Dated this 17th day of February, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has original jurisdiction based upon a federal question pursuant to 28 U.S.C. § 1331, it is unnecessary to address ATF's argument that removal is proper under the federal officer removal statute pursuant to 28 U.S.C. § 1442(a)(1).